UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RANDAL JOHN LARSON,

    Plaintiff,

v.                                           Case No.:  5:22-cv-176-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Randal John Larson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. Plaintiff also filed Reply Brief. For the reasons set out herein, the decision of the Commissioner is **AFFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on June 19, 2019, alleging disability beginning June 19, 2018. (Tr. 123, 318-19). The application was denied initially and on reconsideration. (Tr. 123, 142). Plaintiff requested a hearing and on October 9, 2020, a hearing was held before Administrative Law Judge Edgardo Rodriguez-Quilichini ("ALJ"). (Tr. 53-71). On October 26, 2020, the ALJ entered a decision finding Plaintiff had been disabled since June 19, 2018, the alleged onset date. (Tr. 149-53). The Appeals Council decided to review the decision on its own initiative and determined that the claim should be remanded for further proceedings. (Tr. 158-161). On remand, the Appeals Council directed the ALJ to obtain additional evidence as to Plaintiff's medically determinable impairments, obtain a medical expert, if necessary, further consider Plaintiff's maximum residual functional capacity, further evaluate Plaintiff's alleged symptoms, and obtain supplemental evidence from a vocational expert. (Tr. 159-160).

On remand, the ALJ held a second hearing on August 12, 2021. (Tr 29-52). On August 23, 2021, the ALJ entered a decision finding Plaintiff not under a disability from June 19, 2018, the alleged onset date, through December 31, 2020, the date last insured. (Tr. 13-22). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 7, 2022. (Tr. 1-5). Plaintiff

initiated the instant action by Complaint (Doc. 1) filed on April 5, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of June 19, 2018, through the date last insured. (Tr. 15). At step two, the ALJ found through the date last insured, Plaintiff had the following severe impairments: "back disorder (cervical spine degenerative disc disease), hypertension, hyperlipidemia, gastroesophageal reflux disease, and trigeminal neuralgia." (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) with these specific restrictions: he could lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently; he could stand

and walk for approximately six (6) hours and sit for approximately six (6) hours in an eight-hour workday with normal breaks; he could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; he was unable to climb ladders or scaffolds; his reaching overhead was limited to occasionally; he needed to avoid exposure to vibration, unprotected heights, and hazardous machinery; he could handle exposure to a noise level intensity not above the "moderate" level as defined in the Selected Characteristics of Occupations (SCO) ("moderate" is defined in the SCO as the noise intensity level in a business office where typing is done, a department store, a grocery store, light traffic, and fast food restaurants at off hours); during the eight-hour workday, he needed to avoid concentrated exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust, and gases.

(Tr. 18).

At step four, the ALJ found Plaintiff was able to perform his past relevant work as an export manager. The ALJ found this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from June 19, 2018, the alleged onset date, through December 31, 2020, the date last insured. (Tr. 22).

## II.  Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ's step 4 finding is contrary to law because he omitted mental limitations from the RFC finding, contrary to his own findings that identify at least mild mental limitations; and (2) whether the ALJ erred in failing to properly evaluate Plaintiff's pain-related limitations. (Doc. 18, p. 1).

### A.　Mental Limitations in RFC

Plaintiff argues that the ALJ erred in not finding his mental impairments severe at step two. (Doc. 18, p. 6-7). Plaintiff then argues that the ALJ erred in not including mental limitations in the RFC, especially given the ALJ's finding that Plaintiff could return to his past relevant work, a complex and highly skilled job. Doc. 18, p. 7-8).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that

she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's mental impairments as severe impairments, any error is harmless because the ALJ characterized other impairments – a back disorder (cervical spine degenerative disc disease), hypertension, hyperlipidemia, gastroesophageal reflux disease, and trigeminal neuralgia – as severe. (Tr. 15). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two

satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's impairments, including his mental impairments in assessing the RFC.

At step two, that ALJ found Plaintiff alleged depression, a depressive disorder, anxiety, bipolar disorder, and posttraumatic stress disorder. (Tr. 16). The ALJ found Plaintiff's medically determinable mental impairments do not cause more than minimal limitation in his ability to perform basic mental work activities and were therefore non-severe. (Tr. 16). The ALJ also found that Plaintiff's medically determinable mental impairments caused no more than mild limitations in any of the paragraph B functional areas. (Tr. 16-17).

In formulating the RFC, that ALJ considered Plaintiff's alleged mental impairments. He considered James Connor, M.D.'s treatment record, which showed Plaintiff was treated for anxiety and was doing well with treatment, which the ALJ found confirmed his finding that Plaintiff's mental impairments were not severe. (Tr. 19). In a July 2018 visit, Plaintiff reported his anxiety was controlled and at a December 2018 visit, the ALJ noted that Plaintiff stated he was doing well. (Tr. 19). In a July 2019 Veteran's Administration Medical Center visit, Plaintiff's memory, attention, and concentration were normal and he had a normal mental status exam. (Tr. 19). The ALJ also discussed the State Agency psychologists' reports that found Plaintiff's was not subject to severe mental impairments and he found these opinions were consistent with other evidence of record, notably the conservative nature of

Plaintiff's treatment for mental impairments and his established level of activity. (Tr. 20). The ALJ found:

> In this matter, the claimant is not subject to severe mental impairments. Although there are diagnoses, it reasonable to conclude that his symptoms are no more than mild. I was initially influenced by the claimant's testimony, but the notes reported to the mental health therapist show normal functioning. Accordingly, I have not included a restriction to unskilled work in the residual functional capacity.

(Tr. 20).

In sum, the ALJ found Plaintiff had mild mental impairments, but also found that these mild impairments did not limit Plaintiff's ability to work or limit him to unskilled work. The ALJ considered all of Plaintiff's impairments, including any mental impairments in formulating Plaintiff's RFC. Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Substantial evidence supports the ALJ's finding and the ALJ applied the correct legal standard.

Plaintiff also argues that the effect of even minimal mental limitations on the RFC would change the hypothetical posed to the vocational expert and thereby

change the vocational expert's testimony on whether Plaintiff was capable of returning to his past relevant work. (Doc. 18, p. 9-10). But an ALJ need only pose a hypothetical to a vocational expert that includes impairments that the record supports. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). Here, the ALJ found Plaintiff's alleged mental impairments did not cause any limitations in Plaintiff's ability to work. Thus, the ALJ did not err in the hypothetical posed to the vocational expert.

### B.   Subjective Complaints

Plaintiff argues that the ALJ did not properly consider Plaintiff's subjective complaints. (Doc. 18, p. 13-24). The Commissioner contends that the ALJ considered Plaintiff's pain complaints, including the degree of interference with concentration, pace, and task persistence related to the pain. (Doc. 21, p. 13). The Commissioner also contends that the ALJ recognized some pain complaints and afforded restrictions in the RFC to less than a full range of light work to accommodate Plaintiff's level of pain. (Doc. 21, p. 13). In the decision, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his subjective symptoms were not entirely consistent with the medical evidence and other evidence of record. (Tr. 21).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

Plaintiff challenges the reasons why the ALJ found Plaintiff's statements not entirely consistent with the medical evidence. Plaintiff claims that the ALJ was "highly selective" in his recitation of Plaintiff's daily activities and in his consideration of Plaintiff's medications. (Doc. 18, p. 18-22).

The ALJ acknowledged that Plaintiff alleged he was disabled and unable to work due to his impairments. (Tr. 21) He then considered Plaintiff's activities of daily living. He found the record showed that Plaintiff was somewhat active. (Tr. 21). The ALJ noted that in July 2019, Plaintiff was involved in investing and in trading. (Tr. 21). He also noted that Plaintiff reported walking his dog two to three times per day, taking care of his home and belongings, being able to prepare simple meals, and being able to clean, do laundry and perform minor maintenance. (Tr. 21). The ALJ found "[t]his level of activity is inconsistent with the claimant's allegation

of disability." (Tr. 21). Plaintiff claims the ALJ omitted critical restrictions on these activities due to his limitations, such as bathing less frequently, eating ready-to-eat foods, doing laundry every two weeks, and cleaning every one-two weeks. (Doc. 18, p. 19). While the ALJ's recitation of Plaintiff's activities of daily living may not have included all these details, nonetheless the ALJ accurately summarized Plaintiff's reports of his daily activities. (*See* Tr. 373-374).

The ALJ also considered Plaintiff's medications. (Tr. 21). The ALJ observed that Plaintiff was prescribed medication appropriate for his established impairments. (Tr. 21). But the ALJ found that record did not suggest that Plaintiff failed to receive significant relief from his symptoms with the use of the medication. (Tr. 21). The ALJ then listed the prescribed medications. (Tr 21). Plaintiff claims that the ALJ did not consider the variety of treatment options Plaintiff tried and that they did not provide complete relief to him. (Doc. 18, p. 21-22). The ALJ acknowledged that the medications provided significant not full relief. (Tr. 21). And the ALJ considered that Plaintiff participated in other treatments, such as physical therapy and Botox treatments. (Tr. 19). The ALJ also acknowledged that Plaintiff complained of pain and was noted to have chronic pain. (Tr. 20). The ALJ considered this evidence in determining Plaintiff's RFC and in including restrictions to light work with limitations on climbing and postural activities based in part on this evidence. (Tr. 20).

Lastly, Plaintiff argues that the ALJ did not consider Plaintiff's excellent work history when considering Plaintiff's statements. (Doc. 18, p. 22-23). Plaintiff asserts that he had an exemplary work history of forty-three years of nearly uninterrupted employment, including six years in the Navy. (Tr. 22). While prior work history is a consideration in evaluating a claimant's subjective complaints, the Eleventh Circuit has not had an occasion to determine whether an ALJ's failure to consider a claimant's lengthy work history in evaluating a claimant's subjective symptoms is erroneous. *See Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017);*Wilson v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-00407-JHE, 2020 WL 1285927, at *6 (N.D. Ala. Mar. 16, 2020). At the hearing in this case, counsel informed the ALJ that Plaintiff had an excellent work history. (Tr. 34). Thus, the ALJ was aware of Plaintiff's stellar work history.

The ALJ considered Plaintiff's medical condition as a whole, including his subjective statements about his condition. The ALJ clearly articulated reasons why he found Plaintiff's statements on the intensity, persistence, and limiting effect of his symptoms not entirely consistent with the medical and other evidence of record. Substantial evidence supports the ALJ's decision.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied

the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 2, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties